. *Apperson* for plaintiffs: *Owsley & Goodloe* for def'ts.

---

CHANCERY.                **Berthelemy** *vs* **Johnson.**

ERROR TO THE BOONE CIRCUIT.

*Case 29.*    *Divorce.    Maintenance.    Possession.    Presumption.*
*Estoppel.*

*September 29.*   CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.   JACQUES C. BERTHELEMY seeks the reversal of a judg-
ment in bar of an action of ejectment brought by him
against *Cave Johnson*, the defendant in error.

The plaintiff claims a legal right of entry in the land
in contest, as sole heir of his deceased father, to whom
the defendant had conveyed the title in fee, in the year
1797. The defendant relies on a divorce *a vencula*, of
the wife of the decedent, adjudged in virtue of an act of
Assembly passed in December, 1803; a judicial sentence
declaring that the fee simple title to the said land should
vest absolutely in the divorced wife; and a subsequent
sale and conveyance of it by her to him; and also, on
more than twenty years adverse possession.

As the plaintiff denies the sufficiency of this defence,
and moreover, insists that a legal estoppel results from
the defendant's warranty in the conveyance of 1797,
we shall briefly consider each link in the chain of the
defence.

The Legislature
may rightfully
authorize the
Courts of the
1. The divorce did not impair the obligation of the
contract of marriage, because it was granted for ascertain-
ed abandonment and adultery by the husband, which
were inconsistent with the chief object and end of the

nuptials, and were breaches of obligations which were at least implied by the marriage. And consequently, although public policy forbids a divorce without the consent of the Commonwealth, nevertheless, when by the legislative act, that consent was given, there can be no doubt that for such breaches of the nuptial contract, the Court which pronounced the dissolution of the marriage bond, had power to do so. Whether the Legislature could constitutionally dissolve a marriage without the consent of both parties to it, and without any breach of the contract, is a question not now presented. If this could not be done, nevertheless, a divorce for a breach of conjugal obligation, *judicially ascertained,* could not be unconstitutional.

Nor did the Legislature, in this case, violate our fundamental law by presuming to exercise the judicial function delegated by that inviolable law to the Judiciary and prohibited to the Legislature—for, instead of hearing evidence and thereupon deciding that the alledged causes for a divorce existed, or, in other words, that the alledged breaches of the marriage contract had been committed, (which, *if material, was of course a judicial question,*) the Legislature authorized a Court of Justice to investigate and decide those facts judicially, as the Legislature of Virginia and that of Kentucky also, until since 1803, had invariably done in all cases of divorces *a vinculo.*

And, therefore, the procedure in Court having been conformable with the legislative act, and the husband having been made a party to the suit, and the alledged abandonment and adultery having been found against him by a jury, the judicial sentence of divorce was valid and effectual.

2. The same enactment authorized the Court, without qualification as to mode, to secure to the wife support out of the husband's estate—and the Court adjudged that the fee simple title to the said tract of land should vest in her, as one of the means of securing that support. This did not, in our opinion, exceed either the legislative power or the plenary discretion confided to the Court; and, therefore, were it deemed erroneous, it would, nevertheless, not be void.

---

*Margin notes:*

BERTHELEMY
*vs*
JOHNSON.

country to grant divorces, on the ascertainment by them that the marriage obligations have been violated.

The Legislature in giving authority to the Courts to grant divorces for specified causes, violated no fundamental law. But to determine that a violation of the marriage contract has been committed, "is of course a judicial question.

When the Legislature authorize the Court to provide a suitable maintenance for the wife, it is competent for the court, in the exercise of the latter authority to invest the wife with the simple title to a tract of land of the husband.

BERTHELEMY
*vs*
JOHNSON.

A possession of 30 years under an undoubted equity *may* authorize the conclusion in ejectment, that the legal title has been conveyed to the possessor; and an adverse possession of more than 20 years bars an ejectment.

But the plaintiff's counsel insists that this judicial sentence did not, *per se,* pass the legal title to the divorced wife, because a conveyance by deed was indispensable for that purpose. And this objection may be entitled to much weight. A general statute of 1785, declares that a freehold title to land shall be conveyed from one person to another, by deed only. And although the Legislature might have excepted this case from the operation of that statute, it is not certain that they have done so. Still the undoubted equity of the wife, and the long possession of the land as her own, and the still longer occupancy of the defendant, under a conveyance from her, (the whole enjoyment having been uninterruptedly continued more than thirty years,) might have authorized the legal presumption that he had acquired the legal title. But however all this may be, we are of the opinion that the plaintiff's right of entry had been barred by an adverse possession in fact, for more than twenty years. The only objection which has been made to this conclusion is an alledged estoppel.

But it seems to us that there is no such estoppel which can operate availably, after an actual possession adverse to the claim of the plaintiff's father and himself, for more than twenty years.

A purchaser from a wife, divorced by a court under Legislative authority, & (to whom is decreed the right to hold in fee simple a tract of land, and who may have conveyed with warranty to the husband of the wife so divorced anterior to the divorce,) is not estopped by his deed, to assert his right under the purchase of the wife, especially after a possession of 20 years under such purchase,

If it be admitted that the divorced wife stood in the legal attitude of a *quasi* tenant, still an adverse occupancy, in fact, for twenty years, might have worn out the estoppel, and the technical right of entry might have been barred. The same estoppel would have been as *insufficient* against her successor, the defendant. And the other estoppel, arising from his conveyance to Berthelemy, must be equally unavailing. If it could ever have been applied to him since his purchase from the divorced wife, of the very title he had conveyed, it would have been applicable only because she had acquired from her former husband no more than an equitable right to that title—for if her title was as legal as it was equitable, there could be no doubt that, as she had lawfully acquired it from her former husband, the defendant, as her alienee, would not have been estopped from maintaining it as she might have maintained it against that husband. His warranty only estopped him from setting up a title adverse to that which

he had conveyed and assured. And if it be admitted that, on the hypothesis that the said husband and the plaintiff, as his heir still held the legal title, the estoppel operated, still, like the estoppel resulting from the relation of a tenant, it could not have prevented the running of the statute of limitations in consequence of an adverse possession in fact. As the estoppel arising from the warranty did not apply to a title acquired from the warrantee himself—consequently it could not have applied to the right, even though merely equitable, which the divorced wife acquired from him and transferred to the warrantor. Notwithstanding his warranty therefore, the defendant was no more estopped than she would have been to rely on a statutory bar to the right of entry. And there can be no doubt that, the alledged estoppel out of the way, the plaintiff's right of entry was barred by an actual and avowedly adverse possession for more than twenty years, with the presumed knowledge of the plaintiff or his ancestor from the beginning immediately after the date of the final disposition of the suit for divorce.

The foregoing conclusions relieve us from the necessity of noticing the instructions given and refused on the trial, or any other decision in the case by the Circuit Judge, as there is no ground for doubting that if those conclusions be right there is no error in the record prejudicial to the plaintiff.

It is, therefore, considered that the judgment of the Circuit Court be affirmed.

*Owsley & Goodloe* for plaintiff: *Hewitt* for defendant.